**KING MOENCH HIRNIAK & COLLINS LLP**
Matthew C. Moench, Esquire (031462007)
Michael L. Collins, Esquire (MC0109)
51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
(973) 998-6860
MCM@kmhmlawfirm.com
MLC@kmhmlawfirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY OSWALD, DAVID RIOS, and MICHAEL MCDUFFIE,<br><br>Plaintiffs,<br><br>vs.<br><br>DANIELLE IRELAND-IMHOF, in her official capacity as PASSIC COUNTY CLERK, PASSAIC COUNTY DEMOCRATIC COMMITTEE, MATTHEW J. PLATKIN, in his official capacity as ACTING ATTORNEY GENERAL OF NEW JERSEY, and JOHN DOES I-X (fictitious names), jointly, severally, and in the alternative,<br><br>Defendants. | DOCKET NO.:<br><br>**VERIFIED COMPLAINT**<br><br>**IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTIVE RELIEF** |

Plaintiffs, by way of Verified Complaint, hereby state as follows:

**PARTIES**

1. Plaintiff Troy Oswald ("Oswald") is a resident of 36 Hillman Street, Clifton, New Jersey.

2. Plaintiff David Rios is a resident of 5 Van Wagoner Avenue, Clifton, New Jersey. He is an ordained minister with the American Baptist Churches USA for over 50 years and a Pastor and President of the Organization of Hispanic Evangelical Christian Minister and Leaders of

Passaic County (La Alianza Civica Ministerial) serving the Passaic County community. David Rios is a registered Republican.

3. Plaintiff Michael McDuffie is a resident of 447 East 23rd Street, Paterson, New Jersey. He is an unaffiliated voter. He is the President of Paterson's Pastor's Workshop/Clergy on Fire. (Plaintiffs Rios and McDuffie are collectively referred to as the "Voters").

4. Defendant Danielle Ireland-Imhof is the Passaic County Clerk (the "Clerk"), whose principal offices are located at 401 Grand Street, Paterson, New Jersey 07505.

5. Defendant Passaic County Democratic Committee ("PCDC") is an entity whose principal offices are located at 668 McBride Avenue, Woodland Park, New Jersey 07424.

6. Defendant Matthew J. Platkin is the Acting Attorney General of New Jersey, whose principal offices are located at the Hughes Justice Complex, 25 Market Street, Box 080, Trenton, NJ 08625. Defendant Platkin is solely added to this litigation as an indispensable party insofar as this complaint challenges the constitutionality of a New Jersey statute.

7. Defendants John Does I-X are persons, organizations, entities, and/or businesses, whose identifies are presently unknown to Plaintiffs, who are and/or were responsible in some capacity for directing that Plaintiff's name not be placed on the election ballot in the Republican Primary Election.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiffs' claims alleging violations of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 ("Section 1983"), pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiffs' claims alleging violations of Plaintiffs' rights under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 et seq., pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391 as the locus of the relevant events is in the District of New Jersey.

## OSWALD'S PERSONAL AND PROFESSIONAL BACKGROUND

11. Oswald was raised in Little Falls, a New Jersey municipality located within Passaic County, where he lived with his adopted parents for 21 years.

12. In addition to Little Falls, Oswald also spent portions of his life residing in the Passaic County municipalities of Paterson, West Milford, and Clifton, as well as some time in the neighboring counties of Essex and Morris.

13. Oswald has lived in the Passaic County municipality of Clifton, New Jersey since October 1, 2021.

14. Oswald's adopted father was the Chief of Police for Little Falls. A tree is placed in Oswald's father's honor at the Little Falls municipal park located on Wilmore Road.

15. Oswald's adopted mother was a school teacher in the Little Falls school district throughout her career.

16. Oswald's birth mother was a Master Teacher for the school district in Paterson, which the most populous municipality in Passaic County.

17. Throughout Oswald's professional career, he was a police officer in Paterson for 28 years, attaining the rank of Chief of Police.

18. During his time as a member of the Paterson Police Department, Oswald attended numerous community meetings and outreach group meetings, attended every City Council meeting, met with the public, and attended religious functions.

19. Oswald also taught as a college professor at the Passaic County Community College for 10 years.

20. Oswald belonged to the Passaic County Emerald Society, and during that time started the Passaic County Emerald Society Pipe and Drum Band, of which Oswald is still a member.

21. Oswald is a member of the Paterson PBA Local 1, the Passaic County Chiefs of Police Association, and the Retired Law Enforcement Association Local 5.

22. Oswald is an active parishioner at Calvary Baptist Church in Paterson and attended Holy Angels Church in Little Falls.

23. Oswald is an active member of the Cease Fire Organization in Paterson to stop gun violence.

24. In 2018, Oswald was honored by the Passaic County Freeholders – which serve as the governing body of Passaic County – as the Passaic County Irishman of the Year.

25. Oswald deep ties to the Passaic Community.

26. Oswald understands the significant issues facing Passaic County residents, which is why he filed to run for Passaic County Sheriff and believes that he is the best candidate for Sheriff and to help be a part of the solution for our families in Passaic County.

27. The Voters are residents of Passaic County who wish to have a choice in the election for Sheriff and want to be able to support Troy Oswald because of their belief he is the

best candidate given his longstanding service and knowledge of the people and needs of Passaic County.   They do not wish to support any candidate but Mr. Oswald.

## **PROCEDURAL HISTORY**

28. Prior to the statutory deadline, Oswald filed a nominating petition with the Clerk, seeking election as a Republican candidate for the office of Passaic County Sheriff.

29. On April 5, 2022, the PCDC, through its counsel, filed an objection to Oswald's nominating petition with the Clerk and demanded that Oswald's petition be deemed invalid. A true copy of this objection is attached as **Exhibit A**.

30. The PCDC's objection was premised upon the validity of N.J. Stat. Ann. § 40A:9-94, which provides as follows: "No person shall be eligible to the office of sheriff of any county unless he shall have been a citizen of the United States and a resident of the county for at least 3 years next preceding his election."

31. On April 11, 2022, Oswald, through his counsel, filed a letter with the Clerk opposing the PCDC's request that his petition be deemed invalid. A true copy of this letter is attached as **Exhibit B**. Oswald specifically contended that application of the foregoing candidate to invalidate his nominating petition would, among other things, impermissibly violate his constitutional rights.

32. On April 12, 2022, the Clerk issued a letter "summary decision" advising that she was "sustaining the objection[] and declaring the petition submitted by Mr. Oswald as invalid[]" (the "Summary Decision"). A true copy of the Summary Decision is attached as **Exhibit C**.

33. The Clerk's Summary Decision enforces an unconstitutional residency requirement. It has and will continue to preclude Oswald from being placed on the ballot as a candidate in the Republican Primary for Passaic County Sheriff.

34. In light of the Summary Decision, and because no other candidate has filed seeking the Republican Primary for Passaic County Sheriff, Passaic County Republican voters will be denied any choice located on the ballot in the upcoming primary election, and Passaic County voters may be denied any options other than the Democratic candidate for Passaic County Sheriff in November's general election.

35. The Clerk's Summary Decision violated Oswald's rights that are protected by the Fourteenth Amendment to the United States Constitution, Section 1983, and the NJCRA.

36. The Clerk's Summary Decision violated the Voters' rights that are protected by the Fourteenth Amendment to the United States Constitution, Section 1983, and the NJCRA.

## RESIDENCY REQUIREMENT

37. The office of sheriff is a unique "constitutional" office that is established alongside the offices of county clerk and surrogate, by way of Article VII, Section II of the New Jersey Constitution, which provides that "[c]ounty clerks, surrogates and sheriffs shall be elected by the people of their respective counties at general elections."

38. The New Jersey Constitution does not prescribe any residency requirement prior to an individual holding any of the constitutional offices of sheriff, county clerk, or surrogate.

39. The New Jersey Statutes do not prescribe any residency requirement prior to an individual holding the constitutional offices of county clerk or surrogate.

40. The New Jersey Statutes contain a statutory scheme set forth at N.J. Stat. Ann. § 40A:9-1.11 et seq. that imposes a one-year residency requirement prior to holding any offices pertaining to the State's political subdivisions, including county offices, but it specifically exempts the "constitutional" offices of sheriff, county clerk, and surrogate.

41. As a result, it appears the onerous three-year residency requirement contained in N.J. Stat. Ann. § 40A:9-94 is entirely unique to the position of sheriff, without any comparable provision in State law for election to any of New Jersey's political subdivisions.

### **ELECTION TIMING EXIGENCIES**

42. The Clerk's Summary Decision was issued just in advance of the April 13, 2022 deadline for resolution of petition challenges, pursuant to N.J. Stat. Ann. § 19:13-11.

43. On April 14, 2022, the Clerk is required to hold a drawing for ballot position for primary election candidates, pursuant to New Jersey's P.L. 2022, c. 7.

44. Pursuant to N.J. Stat. Ann. § 19:13-12, the deadline for a candidate to file an action in the Superior Court to protect a primary election candidate's rights is April 16, 2022.

45. Pursuant to N.J. Stat. Ann. § 19:14-1, the deadline for the Clerk to prepare the official primary ballot for printing is April 18, 2022.

46. Pursuant to N.J. Stat. Ann. § 19:63-5 and 19:63-9, the commencement of mailing of mail-in ballots for the primary election is April 23, 2022.

47. Thus, New Jersey statutory law prescribes a process in which ballots will be drawn, printed, and mailed out within the next nine (9) days.

48. Plaintiffs stand to suffer irreparable harm, in the form of election ballots being drawn, printed, and issued without Oswald listed on them, unless this Court issues a temporary restraining order and holds a prompt hearing for preliminary injunctive relief.

### **REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF- FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 – (COUNT ONE)**

49. Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

50. Under the Fourteenth Amendment and Section 1983, Oswald has a right to seek public office, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

51. Under the Fourteenth Amendment and Section 1983, Oswald has a right to equality of treatment, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

52. Under the Fourteenth Amendment and Section 1983, Oswald has a right to travel, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94

53. Under the Fourteenth Amendment and Section 1983, Oswald and the Voters have a right to vote for a candidate of their choosing, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Enjoin all ballot printing involving the 2021 primary election for Passaic County Sheriff pending further order of this Court;

(b) Enjoin the production and printing of any ballots involving the 2021 primary election for Passaic County Sheriff in which Oswald's name is not included as a Republican candidate for Passaic County Sheriff;

(c) Declare the three-year residency requirement contained in N.J. Stat. Ann. § 40A:9-94 to be unconstitutional as it pertains to Oswald's right to seek the office of Passaic County Sheriff, and accordingly be listed on the ballot in the June 2022 Republican primary election and November 2022 general election; and

(d) Award attorney's fees, costs, interest, and such other relief as the Court deems equitable and just.

## REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF – NEW JERSEY CIVIL RIGHTS ACT (COUNT TWO)

54. Plaintiffs hereby incorporate by reference the previous allegations of the Complaint as if set forth at length.

55. Under the NJCRA, Oswald has a right to seek public office, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

56. Under the NJCRA, Oswald has a right to equality of treatment, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

57. Under the NJCRA, Oswald has a right to travel, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

58. Under the NJCRA, Oswald and the Voters have a right to vote for a candidate of their choosing, which has been violated by the Clerk's Summary Decision and both facial and as-applied application of N.J. Stat. Ann. § 40A:9-94.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Enjoin all ballot printing involving the 2021 primary election for Passaic County Sheriff pending further order of this Court;

(b) Enjoin the production and printing of any ballots involving the 2021 primary election for Passaic County Sheriff in which Oswald's name is not included as a Republican candidate for Passaic County Sheriff;

(c) Declare the three-year residency requirement contained in N.J. Stat. Ann. § 40A:9-94 to be unconstitutional as it pertains to Oswald's right to seek the office of Passaic County Sheriff, and accordingly be listed on the ballot in the June 2022 Republican primary election and November 2022 general election; and

(d) Award attorney's fees, costs, interest, and such other relief as the Court deems equitable and just.

                        KING, MOENCH, HIRNIAK & COLLINS
                        Attorneys for Plaintiffs

DATED: April 14, 2022          BY: /s/ Matthew C. Moench
                                    Matthew C. Moench
                                    Michael L. Collins

## **VERIFICATION**

I, Troy Oswald, being duly sworn, depose and say that I have read the foregoing Verified Complaint and know the contents thereof. The statements contained in the Verified Complaint are true to the best of my personal knowledge.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   April 14, 2022                                          _____
                                                                                   TROY OSWALD