# BUGLIONE, HUTTON & DEYOE, L.L.C.

### COUNSELLORS AT LAW
ESTABLISHED IN 1919

ALBERT C. BUGLIONE
*CERTIFIED BY THE SUPREME COURT OF*
*NJ AS A CIVIL TRIAL ATTORNEY*
RICHARD J. TURANO
   MEMBER N.J. & N.Y. BAR
HEATHER W. GOLDSTEIN
   MEMBER N.J. & N.Y. BAR
CHRYZANTA K. HENTISZ
   MEMBER N.J. & N.Y. BAR
HON. ANNE HUTTON, J.W.C. (RET.)
(1985-2015)

401 HAMBURG TURNPIKE – SUITE 206
P.O. BOX 2449
WAYNE, NEW JERSEY 07474-2449
(973) 595-6300
FAX (973) 595-0146

CHARLES C. STALTER
(1919-1968)
CHARLES P. DeYOE
(1950-1973)
THOMAS M. GUINEY
(1962-1983)
HON. SAMUEL DOAN, J.S.C. (RET.)
(1929-1989)
WOOD M. DEYOE
(1952-2017)

April 18, 2022

VIA ECF filing
Hon. Madeline Cox Arleo, U.S.D.J.
Martin Luther King Building
& U.S. Courthouse, Room 4A
50 Walnut Street
Newark, NJ 07102

      RE: Troy Oswald v. Danielle Ireland-Imhof, et al.
         Case No. 2:22-cv-02195 – MCA-LDW

Your Honor,

     Yohane Perdomo and Kaholin Pena (amici) submit this letter brief in support of the

Passaic County Democratic Committee's opposition to Troy Oswald's petition to be nominated

Republican Party Candidate.  We respectfully request the court to grant our leave to appear as

amici curiae in this case. As citizens and registered voters residing in Passaic County we have a

special interest in ensuring that not only the general election but the primary election in our

county is conducted in a fair manner, adhering to all state laws as well as the state constitution.

We offer our views on Mr. Oswald's application in support of same.

     Amici also rely on the briefs submitted by counsel for the defendants Passaic County

Democratic Committee, Passaic County Clerk Danielle Ireland-Imhof and Matthew J. Platkin,

Acting Attorney general of New Jersey.

*Celebrating "103" Years of Professional Service*

As voters in Passaic County we are entitled to having only those candidates who are eligible for office under both the New Jersey State Constitution and statues enacted by the New Jersey State Legislature, on *any* ballot, whether they are Democrats or Republicans. The Passaic County Clerk has the duty of determining whether a candidate for a particular position is eligible to fill that position.  In making the determination the clerk is bound by all applicable laws addressing the individual's eligibility for office, including residency requirements. As noted by the Passaic County Clerk,  Mr. Oswald is admittedly not eligible for the office of Passaic County Sheriff as he has not been a resident of the County for three (3) years prior to the election as required by N.J.S.A. 40A:9-94.

Constitutions and statutes/laws are not partisan. They must be adhered to by members of both parties. We particularly note that a Democratic candidate for sheriff in Monmouth County, Manuel Caravela, was recently disqualified for a failure to meet the residency requirement at issue in this action.  (See Exhibit A attached hereto). Mr. Caravela had previously served as police chief in Bridgewater, N.J. *Mr. Caravela honorably withdrew from the race.*  As a result Democrats will need to mount a write in campaign in the primary to nominate a candidate who will run in the general election.  This option is also open to the Republican Party in Passaic County given Mr. Oswald's failure to meet the statutory requirement for sheriff of that County.

Article VII of the New Jersey State Constitution, Public Officers and Employees, at Section II paragraph 2 states:

> 2. County clerks, surrogates and sheriffs shall be elected by the people of their respective counties at general elections. The term of office of county clerks and surrogates shall be five years, and of sheriffs three years. Whenever a vacancy shall occur in any such office it shall be filled in the manner to be provided by law.

The article does not list any qualification or eligibility for the office of sheriff, merely the fact that the sheriff is elected by the citizens of the relevant county and shall serve for a period of three years.   There is no other mention of sheriffs in the Constitution.

The requirement that candidates for sheriff of a county should have been residents of that county for at least the immediately preceding three years has been in effect in New Jersey since at least 1788. The residency requirement was cited in State v. Anderson, 1 N.J. L. 318 (1795): "one who has not been a resident of a county and possessed of a freehold estate in it, during the three years immediately preceding, is ineligible in that county to the office of sheriff."  The court referred to the Act of 1788.

The most recent iteration of the three year residency requirement for County Sheriffs, N.J.S.A. 40A:9-94, was enacted by the New Jersey State Legislature in 1971. That statute states, in pertinent part, that no person shall be eligible to the office of sheriff of any county unless he/she has been a "resident of the county for at least 3 years next preceding his election."

Throughout the more than 230 years that the three year residency requirement has been in effect in New Jersey, there have been no objections to same as arbitrary or capricious.

The office of County Sheriff is a particularly important and onerous position. The Sheriff is responsible for enforcing criminal and motor vehicle violations, can seize property, handle foreclosure sales, summon jurors, and serve legal documents. The Passaic County Sheriff also operates a jail and provides security in the Passaic County Courts. The Sheriff employs hundreds of officers as well as civilians to carry out the aforementioned duties. His/her position is unique in county government. As a result the Sheriff must be well acquainted with the county which he/she serves. Requiring that the individual running for office of sheriff be a resident of the county for at least 3 years prior to the election ensures that the individual is an integral part of the community served, well aware of its nature and needs.

Mr. Oswald's reliance on the court's decision in Calloway v. Samson, 193 F. Supp. 2d 783 (D.N.J. 2002) in support of his position that the three year residency requirement is unconstitutional is misplaced. In that case Mr. Calloway, who had been a resident of Atlantic City for over 40 years,  was barred from seeking a seat on the city council representing a ward in which he resided only briefly, thus  failing to overcome the one year residency requirement

found in N.J.S.A. 40A:9-1.11 to 1.13. The court found that the residency requirement "unconstitutional *as applied to the Plaintiff candidate*." Id. at 784 (emphasis added).

As noted by Judge Orlofsky, the case involved "unique factual circumstances." He emphasized that:

> the degree of the State's interests, and the relation between the residency requirement and those interests, **might vary depending on the office sought** and the background of the candidate. I therefore emphasize that *this case involves a challenge to the statute only as it has been applied to Callaway*. **I intimate no view as to the constitutionality of the residency requirement in other cases.**

Id. at 789 (emphasis added).

Thus the ruling in Calloway was extremely narrow, applying *only* to that plaintiff.

It should also be noted that granting Mr. Oswald's petition would also serve to delay the electoral process in Passaic County, which is already delayed by this petition. The ballot would have to be edited and reformatted prior to printing. The deadline for preparation of the Official Primary Election Ballot for printing was April 18, 2022. The primary election day is June 7, 2022.

As noted above, the residency requirement for the office of County Sheriff has been in place for more than 230 years. It serves the useful purpose of ensuring that the individual charged with enforcing an array of criminal and motor vehicle violations as well as various duties noted above, is a long standing member of the community with a personal interest in its wellbeing. The requirement should be upheld.

We thank Your Honor for your courtesy and attention to this matter.

Respectfully submitted,

BUGLIONE, HUTTON & DEYOE, LLC.

By: _____
ALBERT C. BUGLIONE

# EXHIBIT A

Case 2:22-cv-02195-MCA-LDW   Document 8-1   Filed 04/18/22   Page 6 of 7 PageID: 283

4/11/22, 12:39 PM          Monmouth Dem sheriff candidate may be off ballot for not meeting residency requirement - New Jersey Globe



# NEW JERSEY GLOBE

Home  >  Campaigns  >
   Monmouth Dem Sheriff Candidate May Be Off Ballot For Not Meeting Residency Requirement



Former Bridgewater Police Chief Manny Caravela. (Photo: Bridgwater Rotary Club).



☰

## meeting residency requirement

*Caravela will withdraw from race, Democrats must run write-in campaign to find Golden opponent*

By David Wildstein, April 11 2022 12:01 am

Monmouth County Democrats may have lost their candidate for sheriff after Manuel Caravela was disqualified for failing to meet a statutory residency requirement.

Caravela, a former Bridgewater police chief, became a casualty of a little-known state law that requires candidates for sheriff to have lived in the county for three years before their election.   He is withdrawing from the race and Democrats will need to mount a write-in campaign to nominate a candidate to take on the incumbent, Shaun Golden, in the general election.

County Clerk Christine Hanlon is reviewing Caravela's petitions after an attorney representing Golden, John Lane, challenged Caravela's eligibility.

Lane produced records showing that Caravela voted in Branchburg in November 2018 and June 2019 and In Bridgewater in November 2020.

"The icing on the cake is the fact that Caravela — who claims he now resides in what is believed to be his summer home in Manasquan — did not even register to vote in Monmouth county until October 22,2021, less than six months ago," Lane said.  "These events are proof positive that Caravela does not meet the three-year residency requirement to run for the office of sheriff."

Passaic County <u>Democrats are challenging</u> <u>GOP sheriff candidate Troy Oswald's candidacy</u>, alleging that he lived in Morris County until he moved to Clifton earlier this year.  Oswald, the former Paterson police chief, did not dispute the claims.  Passaic County Clerk Danielle Ireland-Imhof has not yet issued a ruling.

Golden faces former Monmouth County Commissioner Gary Rich in the Republican primary.

Spread the news:



## RELATED ARTICLES

### Monmouth Dems back Dothard for sheriff

🗓 March 27, 2019